UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIM KHOJA, on behalf of himself and all others similarly situated,<br><br>                                        Plaintiff,<br><br>v.<br><br>OREXIGEN THERAPEUTICS, INC., JOSEPH P. HAGAN, MICHAEL A. NARACHI, and PRESTON KLASSEN,<br><br>                                        Defendants. | Case No.:  15-CV-540 JLS (KSC)<br><br>**ORDER (1) VACATING HEARING; (2) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (3) PROVISIONALLY CERTIFYING SETTLEMENT CLASS; (4) APPROVING NOTICE AND NOTICE PLAN; (5) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVE; (6) APPOINTING SETTLEMENT ADMINISTRATOR; AND (7) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS**<br><br>(ECF No. 142) |

Presently before the Court is Plaintiff Karim Khoja's Unopposed Motion for Preliminary Approval of Proposed Settlement ("Mot.," ECF No. 142). The Court finds this matter appropriate for decision without oral argument and vacates the hearing and takes the matter under submission pursuant to Civil Local Rule 7.1(d)(1). Having reviewed the terms of the proposed settlement agreement, Plaintiffs' arguments, and the law, the Court

preliminarily concludes that the settlement falls within the range of reasonableness warranting preliminary approval.  Accordingly, the Court **GRANTS** the Motion.

**GENERAL BACKGROUND**

This litigation commenced on March 10, 2015, when Lisa Colley filed a complaint alleging that Defendant Orexigen Therapeutics, Inc. ("Orexigen") "made materially misleading statements when it disclosed confidential 25% interim data from a large-scale clinical trial (the "LIGHT" trial) of its weight loss drug, Contrave," on March 3, 2015. ECF No. 142-1 ("Mot. Mem.") at 2–3.  The news that Contrave may demonstrate cardioprotective benefits caused Orexigen's stock to close "31% higher than it did the day before." *Id.* at 3 (citation omitted).  In a March 5, 2015 *Forbes.com* article, however, "a senior FDA official condemned [Orexigen]'s disclosure, . . . causing the stock price to plummet." *Id.* (citations omitted).

Several related cases were filed premised on the same facts, *see* ECF No. 4, and on June 22, 2015, Judge M. James Lorenz ordered the cases consolidated, appointed Karim Khoja ("Lead Plaintiff" or "Plaintiff") as lead plaintiff, and approved Kahn Swick & Foti, LLP as lead counsel ("Class Counsel"), *see generally* ECF No. 43.  On June 26, 2015, Judge Lorenz recused himself from the case, which subsequently was reassigned to this Court.  *See* ECF No. 46.

On August 20, 2015, Lead Plaintiff filed a Consolidated Complaint, which added allegations of further misleading statements by Orexigen on March 3 and May 8, 2015. *See generally* ECF No. 55.  Defendants Orexigen, Joseph P. Hagan, Michael A. Narachi, and Preston Klassen (collectively, "Defendants") moved to dismiss, *see* ECF No. 62, and the Court granted Defendants' motion, *see* ECF No. 76.  Lead Plaintiff requested the Court to enter judgment in Defendants' favor so he could pursue an appeal, *see* ECF No. 77, and Lead Plaintiff subsequently appealed the decision, *see* ECF No. 80.  On March 12, 2018, while the appeal was pending, Orexigen filed for Chapter 11 bankruptcy; the automatic stay halted further proceedings against Orexigen, but not the remaining defendants (collectively, the "Individual Defendants").  Mot. Mem. at 4 (citation omitted).

On August 13, 2018, the Ninth Circuit affirmed in part and reversed in part the Court's order dismissing Lead Plaintiff's Consolidated Complaint.  *See* ECF No. 93.  The Individual Defendants requested rehearing *en banc*, *see* ECF No. 85, which the Ninth Circuit denied, *see* ECF No. 86.  The Individual Defendants then filed a petition for *writ of certiorari* with the Supreme Court, which ultimately was denied.  *See* Mot. Mem. at 5 (citation omitted).

Following a mandate/status hearing, *see* ECF No. 92, the Court entered an order setting a briefing schedule for the Individual Defendants' renewed motion to dismiss, *see* ECF No. 97.  On September 23, 2019, the Court granted in part and denied in part the Individual Defendants' motion.  *See* ECF No. 110.  On October 17, 2019, Lead Plaintiff filed the Consolidated Amended Complaint ("CAC"), *see* ECF No. 111, and Individual Defendants again moved to dismiss, *see* ECF No. 114.

On March 13, 2020, the Parties participated in a daylong mediation facilitated by Jed Melnick, Esq., of JAMS.  *See* Mot. Mem. at 1, 5.  After Orexigen's wind-down administrator, Province, Inc. ("Province"), filed a status report with the Ninth Circuit informing the court that the bankruptcy stay had been lifted, on May 19, 2020, the Ninth Circuit extended its prior order to Orexigen, and the mandate, noting the substitution of Province for Orexigen, was spread to this Court on July 10, 2020.  *See id.* at 5 n.2 (citations omitted).

On November 2, 2020, the Court granted Defendants' motion to dismiss.  *See* ECF No. 139.  Thereafter, the Parties resumed settlement negotiations, and on December 7, 2020, they agreed to accept the mediator's proposal to resolve the matter.  Mot. Mem. at 6 (citation omitted).

## SETTLEMENT TERMS

The Parties have submitted a comprehensive Stipulation of Settlement ("Proposed Settlement" or "Stipulation") with approximately thirty pages of substantive terms, *see*

/ / /

/ / /

3

*generally* Mot. Mem. Ex. 1 ("Proposed Settlement," ECF No. 142-3),[1] as well as a comprehensive Notice of Pendency and Proposed Settlement of Class Action ("Proposed Notice"), *see generally* Mot. Mem. Ex. A-1 ("Proposed Notice," ECF No. 142-5); Summary Notice, *see generally* Mot. Mem. Ex. A-2 (ECF No. 142-6); and Proof of Claim and Release Form, *see generally* Mot. Mem. Ex. A-3 ("Proof," ECF No. 142-7).

## I.     Proposed Settlement Class

The proposed Settlement Class includes "all Persons who purchased or otherwise acquired Orexigen publicly traded securities between March 3, 2015 and May 12, 2015, inclusive," excluding "Defendants, all directors and officers of Orexigen (whether current or former), each of their respective immediate family members, and entities in which any such excluded person holds a controlling interest." Proposed Settlement ¶ 1.26.

## II.    Proposed Monetary Relief

The Proposed Settlement provides for a $4,800,000 Settlement Amount. Proposed Settlement ¶ 1.25. The Settlement Amount will be applied as follows: to pay the reasonable costs and expenses of the Claims Administrator incurred in connection with providing notice and administrating the settlement (not to exceed $250,000); to pay certain taxes and tax expenses; to pay Class Counsel's fees (not to exceed thirty-three percent of the Settlement Amount); and to pay Class Counsel's and Lead Plaintiff's expenses (not to exceed $185,000); with the balance (the "Net Settlement Fund") to be distributed to Authorized Claimants. *See id.* ¶ 6.2; Proposed Notice at 1.

Each Settlement Class Member who wishes to receive a portion of the Net Settlement Fund must submit a Proof of Claim and Release Form by the date provided in the Proposed Notice. *See* Proposed Settlement ¶ 6.3(a). Any Settlement Class Member who fails to submit a timely Proof of Claim and Release Form will be barred from receiving payment but otherwise bound by the terms of the Proposed Settlement. *See id.* ¶ 6.3(b).

---

[1] Capitalized terms used in this Order shall have the same meanings as set forth in the Proposed Settlement, unless otherwise indicated.

Before the deduction of fees, costs, and expenses, Plaintiff's damages expert estimates the average recovery per share, if valid claims are submitted for all approximately 25 million shares of Orexigen securities purchased during the Class Period, to be $0.19.  Proposed Notice ¶ 3.

Each Authorized Claimant will receive a proportionate share of the Net Settlement Fund based on a recognized loss formula.  *See id.* ¶¶ 49–71.  The calculation of recognized loss varies for common stock, call options, and put options.  *See id.* ¶¶ 57–59.

In exchange, the Class Members

> shall have fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice all Released Claims against all Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind of character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Released Claims against any of the Released Defendant Parties, regardless of whether such Settlement Class Member executed and delivers a Proof of Claim and Release form, and whether or not such Settlement Class Member shares in the Settlement Fund.

Proposed Settlement ¶ 5.1.

## RULE 23 SETTLEMENT CLASS CERTIFICATION

Before granting preliminary approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified.  *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" to protect absentees).

Class actions are governed by Federal Rule of Civil Procedure 23.  To certify a class, each of the four requirements of Rule 23(a) must first be met.  *Zinser v. Accufix Research*

/ / /

*Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).  Rule 23(a) allows a class to be certified only if:

> (1)  the class is so numerous that joinder of all members is impracticable;
>
> (2)  there are questions of law or fact common to the class;
>
> (3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)  The representative parties will fairly and adequately protect the interests of the class.

In addition to Rule 23(a)'s requirements, the proposed class must satisfy the requirements of one of the subdivisions of Rule 23(b).  *Zinser*, 253 F.3d at 1186.  Here, Plaintiffs seek to certify the Settlement Class under subdivision Rule 23(b)(3), *see* Mot. Mem. at 19–21, which permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  The Court addresses each of these requirements in turn.

## I.    Rule 23(a) Requirements

### A.    *Numerosity*

Federal Rule of Civil Procedure 23(a)(1) requires that a class must be "so numerous that joinder of all members is impracticable."  "[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer."  *Celano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007).  "[I]t is not necessary to state the exact number of class members when the plaintiff's allegations 'plainly suffice' to meet the numerosity requirement," and a court "may infer that, when a corporation has millions of shares trading on a national exchange, more than 40 individuals purchased stock over the course of [the / / /

class period]." *In re Cooper Companies Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009) (citing *Schwartz v. Harp.*, 108 F.R.D. 279, 281–82 (C.D. Cal. 1985)).

Here, Orexigen was traded on the NASDAQ and had more than 125 million shares of stock outstanding during the Class Period.  Mot. Mem. at 15 (citing CAC ¶ 110). Accordingly, the Court can and will infer that joinder of all Class Members would be impracticable for purposes of Rule 23(a)(1) and the numerosity requirement is therefore satisfied.

### B.   Commonality

Federal Rule of Civil Procedure 23(a)(2) requires that there be "questions of law or fact common to the class."  Commonality requires that "the class members 'have suffered the same injury.'"  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).  "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Here, the Parties have defined the Settlement Class to encompass anyone who acquired Orexigen publicly traded securities during a particular period of time, and common questions thus revolve around whether Defendants violated securities laws by making certain statements and whether the price of Orexigen's securities was artificially inflated. *See* Mot. Mem. at 16.  Because all Class Members purchased stock during the time between when the statements were made and when the allegedly corrective information came to light, all Class Members have suffered a common injury. Accordingly, it is appropriate for these issues to be adjudicated on a class-wide basis, and Rule 23(a)(2) is satisfied.  *See Gudimetla v. Ambow Educ. Holding*, No. CV125062PSGAJWX, 2014 WL 12594458, at *3 (C.D. Cal. Dec. 2, 2014) (finding commonality where "the members of the Class were all allegedly injured by the same misstatements and/or omissions.").

/ / /

### C.   Typicality

To satisfy Federal Rule of Civil Procedure 23(a)(3), the named plaintiff's claims must be typical of those of the class.   The typicality requirement is "permissive" and requires only that the named plaintiff's claims "are reasonably coextensive with those of absent class members." *Hanlon*, 150 F.3d at 1020.  "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff[], and whether other class members have been injured by the same course of conduct.'"   *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)).   "[C]lass certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'"   *Id.* (citation omitted).

Here, Lead Plaintiff, like the other Class Members, "purchased or otherwise acquired Orexigen Securities during the Class Period at artificially inflated prices and suffered damages when Defendants' alleged misstatements and omissions were disclosed to investors."   *See* Mot. Mem. at 17.   Further, the Parties have identified no defenses unique to Lead Plaintiff.   *See id.* at 18.   Accordingly, Lead Plaintiff's claims are typical of the claims of proposed Class Members, thus satisfying Rule 23(a)(3).   *See Kayes v. Pac. Lumber Co.*, 51 F3d 1449, 1463 (9th Cir. 1995) (holding typicality is satisfied where named plaintiffs have the same claims as other class members and are not subject to unique defenses).

### D.   Adequacy

Federal Rule of Civil Procedure 23(a)(4) requires that the named representatives fairly and adequately protect the interests of the class.   "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of judgment which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940)).   To determine legal adequacy, the Court must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with

/ / /

other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*

Here, there is no reason to believe that Lead Plaintiff or Class Counsel have any conflict of interest with the proposed Settlement Class Members. There also is no reason to believe that Lead Plaintiff or Class Counsel have failed to investigate and litigate this case vigorously to this point. Plaintiff has retained competent counsel, who have "conducted an extensive investigation," "consulted with myriad experts," and engaged in significant substantive briefing, including before the Ninth Circuit and Supreme Court. Mot. Mem. at 1–2, 18. Furthermore, Class Counsel have significant securities class action litigation experience. *Id.* at 18; *see also id.* Ex. 2 ("KSF Resume"), ECF No. 142-9. Accordingly, Lead Plaintiff and Class Counsel adequately represent the proposed Settlement Class Members, and Rule 23(a)(4)'s adequacy requirement is met.

## II. Rule 23(b)(3) Requirements

Federal Rule of Civil Procedure 23(b)(3) permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

### A. Predominance

"The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623. "Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Hanlon*, 150 F.3d at 1022.

Here, Lead Plaintiff alleges several common questions of law and fact, as noted *supra* in Section I.B. Specifically, Lead Plaintiff and the Class Members share several common questions of fact and law that are central to Lead Plaintiff's alleged injuries and that predominate over individualized issues, including the falsity and materiality of Defendants' statements, scienter, and loss causation. Mot. Mem. at 19–20 (citation omitted). Accordingly, the predominance requirement of Rule 23(b)(3) is satisfied. *See*

*McCowen v. Trimac Transp. Servs. (W.), Inc.*, 311 F.R.D. 579, at 588–89 (N.D. Cal. 2015) (finding predominance satisfied where "class-wide issues predominate over individualized issues").

### B.     Superiority

The final requirement for certification pursuant to Federal Rule of Civil Procedure 23(b)(3) is "that a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy."   The superiority inquiry requires the Court to consider the four factors listed in Rule 23(b)(3):

> (A)   the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B)    the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D)   the likely difficulties in managing a class action.

*See also Zinser*, 253 F.3d at 1190.  A court need not consider the fourth factor, however, when certification is solely for the purpose of settlement.  *See True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1066 n.12 (C.D. Cal. 2010); *see also Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.").  The superiority inquiry focuses "'on the efficiency and economy elements of the class action so that cases allowed under [Rule 23(b)(3)] are those that can be adjudicated most profitably on a representative basis.'"  *Zinser*, 253 F.3d at 1190 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Practice & Proc.* § 1780, at 562 (2d ed. 1986)).   A district court has "broad discretion" in determining whether class treatment is superior.  *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

Here, the Class Members' claims involve the same issues arising from the same facts.  If the Class Members' claims were treated on an individual basis, likely thousands of cases would follow a similar trajectory and come to a similar result while consuming a significant amount of the Court's and the Parties' resources.  It also is likely that Class Members would not pursue litigation on an individual basis due to the high cost of pursuing their individual claims; thus, the interests of the Settlement Class Members in individually controlling the litigation are minimal.

Accordingly, having weighed the relevant factors, the Court concludes that class treatment is the superior method of adjudicating this controversy and that the superiority requirement of Rule 23(b)(3) is met.  *See Gudimetla*, 2014 WL 12594458, at *4 (finding superiority where "[t]he alternative to a class action—individualized actions—would be inefficient, costly, and unwieldy.  No individual member of the Class has expressed interest in separately controlling the prosecution of their case.  Furthermore, there does not appear to be any other active, related litigation by or against class members in this case.").

## III.    Conclusion

For the reasons stated above, the Court finds certification of the Settlement Class proper under Rules 23(a) and (b)(3).  Accordingly, the proposed Settlement Class is **CERTIFIED** for settlement purposes only.

## RULE 23 PRELIMINARY FAIRNESS DETERMINATION

Having certified the proposed Settlement Class for settlement purposes, the Court must next make a preliminary determination as to whether the Proposed Settlement appears to be fair.  "At the preliminary approval stage, a full fairness analysis is unnecessary." *Romero v. Securus Techs., Inc.*, No. 16CV1283 JM (MDD), 2020 WL 3250599, at *5 (S.D. Cal. June 16, 2020) (quoting *Zepeda v. Paypal, Inc.*, No. C 10-1668 SBA, 2014 WL 718509, at *4 (N.D. Cal. Feb. 24, 2014)).  Thus, at the preliminary approval stage, approval should be granted "[i]f 'the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls

within the range of possible approval.'" *In re Illumina, Inc. Sec. Litig.*, No. 3:16-CV-3044-L-MSB, 2019 WL 6894075, at *5 (S.D. Cal. Dec. 18, 2019) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)).

## I.   Product of Serious, Informed, Non-Collusive Negotiations

Here, the Proposed Settlement was the result of vigorous, arm's-length negotiations between competent and informed counsel facilitated by an experienced mediator.  Mot. Mem. at 9–10.  Only after months of further negotiations were the Parties able to reach an agreement in principle and accept the mediator's proposal.  *Id.* at 9.  Accordingly, the Court finds that the Proposed Settlement was the product of serious, informed, and non-collusive negotiations, and thus this first requirement is satisfied.  *See, e.g.*, *Morales v. Stevco, Inc.*, No. 1:09-CV-00704 AWI, 2011 WL 5511767, at *11 (E.D. Cal. Nov. 10, 2011) (finding proposed settlement resolved by means of a mediator's proposal non-collusive).

## II.   No Obvious Deficiencies

"[A] settlement is likely free from obvious deficiencies when it provides a real, immediate benefit to the class despite numerous risks." *Romero*, 2020 WL 3250599, at *6 (citation omitted).  Defendants continue to deny any wrongdoing and "were prepared to make a multi-pronged defense at trial"; accordingly, "Lead Plaintiff and the putative Class faced numerous factual and legal obstacles." Mot. Mem. at 10.  Meanwhile, the Proposed Settlement provides for a Settlement Amount of $4,800,000 in cash, which will be distributed to the Settlement Class Members after the deduction of Court-approved fees and expenses, thus providing a "real, immediate benefit to the class." *Id.*; *Romero*, 2020 WL 3250599, at *6.  Accordingly, having reviewed the terms of the Proposed Settlement, the Court finds that it suffers from no obvious deficiencies.

## III.   No Preferential Treatment

Lead Plaintiff's damages consultant has formulated a means of apportioning the Net Settlement Fund based on when Orexigen Securities were acquired such that recoveries will be based upon each Class Member's relative loss.  *See* Mot. Mem. at 11; *see also* Proposed Notice ¶¶ 49–71.  Lead Plaintiff will share in the Net Settlement Fund in the

same proportion as other Class Members, Mot. Mem. at 11–12; however, Lead Plaintiff may also seek Court approval for his reasonable costs and expenses, including lost wages, pursuant to the PSLRA, *see id.* at 11 (citing 15 U.S.C. § 78u-4(a)(4)). The Court preliminarily finds that the Proposed Settlement does not provide for preferential treatment to any member or segment of the Proposed Class, although Class Counsel and Lead Plaintiff have not provided any indication of the range of costs and expenses Lead Plaintiff may seek. Accordingly, at the Final Approval Hearing, Class Counsel and Lead Plaintiff will need to substantiate the costs and expenses sought on Lead Plaintiff's behalf and demonstrate that they do not constitute preferential treatment.

## IV.   Falls Within the Range of Possible Approval

"To determine whether a proposed settlement is within the range of possible approval, 'courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer,'" an inquiry which "requires the court to evaluate the strength of a plaintiff's case." *Romero*, 2020 WL 3250599, at *6 (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007)). "Although Plaintiff and Defendants disagree as to the amount of maximum recoverable damages," the $4,800,000 Settlement Amount "represents approximately 25% of total potential damages as estimated by Plaintiff's damages expert." Mot. Mem. at 12. Given that "Defendants have denied and continue to deny that the Class suffered any damages," and thus "[a]t trial, recoverable damages could be significantly less," the Court agrees with Lead Plaintiff that "[t]he range of possible recovery here is wide and uncertain," and the Settlement Amount "is a substantial recovery" that falls within the range of possible approval. *Id.* at 12–13; *see, e.g.*, *In re Zynga Inc. Sec. Litig.*, No. 12-CV-04007-JSC, 2015 WL 6471171, at *11 (N.D. Cal. Oct. 27, 2015) (noting that a settlement fund representing approximately 14% of estimated damages "exceeds the typical recovery" in securities litigation cases); Janeen McIntosh & Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2020 Full Year in Review*, NERA Econ. Consulting (Jan. 25, 2021), *available at* https://www.nera.com/publications/archive/2021/recent-trends-in-securities-class-action-

litigation--2020-full-y.html (noting that the median ratio of settlement amount to estimated investor losses was 1.7% for securities cases settling in 2020).

## V.   Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiffs' unopposed Preliminary Approval Motion.  The Court preliminarily finds the Proposed Settlement, including the allocation plan, fair.

However, the Court notes that, in the Ninth Circuit, a district court has discretion to apply either a lodestar method or a percentage-of-the-fund method in calculating a class fee award in a common fund case, *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002), and, when applying the percentage-of-the-fund method, an attorneys' fees award of "twenty-five percent is the 'benchmark' that district courts should award," *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (citing *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)); *Fischel*, 307 F.3d at 1006.  Here, Class Counsel request that the Court approve attorney fees not to exceed 33% of the Settlement Amount, or roughly $1.6 million, in addition to expenses not to exceed $185,000.  *See* Mot. Mem. at 22.  At this point, without Class Counsel's briefing, the Court finds no reason to award fees and costs that exceed the Ninth Circuit's 25% benchmark.  Class Counsel will need to show what special circumstances exist warranting a higher percentage in their motion for attorney's fees.

## NOTICE AND PROOF OF CLAIM AND RELEASE

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), "[f]or any class certified under Rule 23(b)(3) the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Because the Court has provisionally certified the class under Rule 23(b)(3), *see supra* pages 5–11, the mandatory notice procedures required by Rule 23(c)(2)(B) must be followed.

Where there is a class settlement, Federal Rule of Procedure 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound

by the proposal." "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see also Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975) ("[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process.").

Further, the PSLRA requires settlement notices to state: (i) "[t]he amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per share basis"; (ii) where the parties (as here) do not agree on the average amount of damages per share recoverable, "a statement from each settling party concerning the issue or issues on which the parties disagree"; (iii) "a statement indicating which parties or counsel intend to make . . . an application [for attorneys' fees or costs], the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought"; (iv) "[t]he name, telephone number, and address of one or more representatives of counsel for the plaintiff class who will be reasonably available to answer questions from class members"; and (v) "[a] brief statement explaining the reasons why the parties are proposing the settlement." 15 U.S.C. § 78u-4(a)(7).

According to the [Proposed] Order Preliminarily Approving the Settlement and Providing for Notice ("Proposed Order"), attached as Exhibit A to the Proposed Settlement, no later than twenty days after entry of this Order (the "Notice Date"), the Settlement Administrator will mail all potential members of the Settlement Class who can be identified reasonably a copy of the Notice and Proof of Claim and Release Form. ECF No. 142-4 at 3. Class Counsel will publish the Summary Notice, attached as Exhibit A-2 to the Stipulation, in *Investor's Business Daily* no later than fourteen days after the Notice Date. *Id.* at 3–4. The Notice, Summary Notice, and Proof of Claim and Release Form will also be published on the Claim Administrator's website on or before the Notice Date. *Id.* at 4.

Finally, the Claims Administrator will use reasonable efforts to notify brokers and other nominees who purchased or acquired Orexigen Securities for the benefit of others during the Class Period and direct them to either directly send the Notice and Proof of Claim and Release Form to any beneficial owners or send a list of names and addresses of beneficial owners to the Claims Administrator within ten days of receipt of notice. *Id.* at 4–5.

The forty-eight-page Proposed Notice: (1) describes the nature of the lawsuit and claims at issue; (2) defines the Settlement Class; (3) explains the Settlement Amount and how individual Class Member's settlement payments will be calculated; (4) provides the average recovery per share; (5) discloses the attorneys' fees, costs, and expenses that will be requested; (6) provides the Parties' reasons for the settlement; (7) details the claims that are being released; (8) explains how participating Class Members can submit a claim or exclude themselves from the Settlement; (9) explains how a member of the Settlement Class can object to the Settlement; (10) discloses the time and place of the Final Approval Hearing; and (11) discloses the contact information for Class Counsel and the Settlement Administrator and advises that either may be contacted to answer questions about the Settlement. *See generally* Proposed Notice. The Proof of Claim and Release Form clearly explains how to submit a claim, either electronically or by mail, and the documentation required to verify the claim. *See generally* Proof.

Having thoroughly reviewed the Proposed Notice and the Proof of Claim and Release Form, the Court finds that both the method and content comply with Rule 23 and the PSLRA. Accordingly, the Court **APPROVES** the content of the Proposed Notice, the proposed notification plan, and the content of the Proof of Claim and Release Form.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion (ECF No. 142) and **ORDERS** as follows:

1. The Court **PRELIMINARILY CERTIFIES**, solely for purposes of effectuating the Settlement, pursuant to Rule 23, the Settlement Class consisting of all Persons who purchased or otherwise acquired Orexigen publicly traded Securities between

March 3, 2015 and May 12, 2015, inclusive.  Excluded from the Settlement Class are Defendants, all directors and officers of Orexigen (whether current or former), each of their respective immediate family members, and entities in which any such excluded person holds a controlling interest.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice sent to potential Settlement Class Members.

2.     Pursuant to Rule 23 and for purposes of settlement only, the Court **PRELIMINARILY CERTIFIES** Lead Plaintiff Karim Khoja as representative for the Settlement Class ("Settlement Class Representative"), and **APPOINTS** Kahn Swick & Foti, LLC as Class Counsel for the Settlement Class ("Settlement Class Counsel"). Settlement Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

3.     With respect to the Settlement Class, the Court **PRELIMINARILY FINDS**, solely for purposes of effectuating the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied, for the reasons provided *supra*.

4.     The Court **PRELIMINARILY APPROVES**: (i) the Settlement of the Litigation as set forth in the Stipulation, including the releases contained therein; and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Litigation based on the Stipulation should not be ordered herein after due and adequate notice to the Settlement Class has been given in conformity with this Order.

5.     Settlement Class Counsel is hereby **AUTHORIZED** to retain Rust Consulting, Inc. as the Claims Administrator in connection with the Settlement to supervise / / /

15-CV-540 JLS (KSC)

and administer the notice and claims procedures as well as the processing of claims at a cost that is estimated to be no more than $250,000.00, as more fully set forth below:

      i.     <u>No later than twenty (20) calendar days</u> after the date on which this Preliminary Approval Order is electronically docketed (the "Notice Date"), the Claims Administrator **SHALL CAUSE** a copy of the Notice and Proof of Claim and Release form, substantially in the forms attached to the Stipulation as Exhibits A-1 and A-3, respectively, to be mailed by first class mail, postage prepaid, to all potential members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of the Wind Down Administrator for Orexigen and/or the Company's transfer agents to provide security holder lists as set forth in the Stipulation;

      ii.     Settlement Class Counsel **SHALL CAUSE** a summary notice (the "Summary Notice"), substantially in the form attached to the Stipulation as Exhibit A-2, to be published in the national edition of *Investor's Business Daily* <u>no later than fourteen (14) calendar days</u> after the Notice Date;

      iii.     Settlement Class Counsel **SHALL SERVE** on Defendants' Counsel and file with the Court proof by affidavit or declaration of mailing and publication <u>no later than seven (7) calendar days</u> before the Settlement Hearing, as defined below in ¶ 10 of this Preliminary Approval Order;

      iv.     Settlement Class Counsel **SHALL CAUSE** the Notice, the Summary Notice, and the Proof of Claim and Release form to be placed on the Claims Administrator's website, on or before the Notice Date.

6.     Pursuant to Paragraph 4.2 of the Stipulation, Defendants **SHALL FILE** proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), with the Court <u>at least thirty-five (35) calendar days</u> prior to the Settlement Hearing.

7.     The Court hereby **APPROVES** the form of Notice and Summary Notice (together, the "Notices") and the Proof of Claim and Release form, and finds that the procedures established for publication, mailing, and distribution of such Notices

substantially in the manner and form set forth in ¶ 5 of this Preliminary Approval Order meet the requirements of Rule 23; the Exchange Act and Securities Act, as amended by the Private Securities Litigation Reform Act of 1995; and the Constitution of the United States; and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled to notice.

8.      The Claims Administrator **SHALL USE** reasonable efforts to give notice to brokers and other nominees who purchased or otherwise acquired certain publicly traded Orexigen Securities for the benefit of another Person during the Class Period.   Those brokers and other nominees **ARE DIRECTED** to either: (i) send the Notice and Proof of Claim and Release form to all such beneficial owners, postmarked within ten (10) calendar days of receipt of the Notice; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of the Notice, in which event the Claims Administrator shall mail the Notice and Proof of Claim and Release form to such beneficial owners within ten (10) calendar days after receipt thereof.

9.      Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice and Proof of Claim and Release form to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice and Proof of Claim and Release form. Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation, subject to further order of this Court with respect to any dispute concerning such compensation.

10.      Pursuant to Federal Rule of Civil Procedure 23(e), a hearing (the "Settlement Hearing" or "Final Approval Hearing") **SHALL BE HELD** before the Honorable Janis L. Sammartino on <u>Thursday, October 28, 2021, at 1:30 p.m.</u>, in Courtroom 4D of the Edward

J. Schwartz United States Courthouse, United States District Court for the Southern District of California, for the following purposes:

        i.    to determine whether the Court should grant final certification of the Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3);

        ii.    to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate, and in the best interests of the Settlement Class and should be finally approved by the Court;

        iii.    to determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

        iv.    to determine whether the Order and Final Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered, *inter alia*, dismissing the Litigation against the Defendants with prejudice and extinguishing and releasing all Released Claims (as defined in the Stipulation);

        v.    to consider Settlement Class Counsel's Fee and Expense Application;

        vi.    to consider any application for reimbursement of costs and expenses (including lost wages) by Lead Plaintiff, pursuant to 15 U.S.C. § 78u-4(a)(4), in connection with his representation of the Settlement Class; and

        vii.    to rule on such other matters as the Court may deem appropriate.

11.    Any member of the Settlement Class who wishes to object to the Settlement **MUST FILE** with the Court **AND SERVE** on counsel (listed below), <u>at least twenty-one (21) calendar days</u> prior to the Settlement Hearing, a written statement of objection to the Settlement; the Plan of Allocation, Fee and Expense Application; and/or a request for reimbursement of costs and expenses (including lost wages) by Lead Plaintiff in connection with his representation of the Settlement Class.

12.    Any member of the Settlement Class who timely objects to the Settlement; the Plan of Allocation, Fee and Expense Application; and/or a request for reimbursement of costs and expenses (including lost wages) by Lead Plaintiff in connection with his

representation of the Settlement Class, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Settlement Hearing and present evidence or argument that may be proper or relevant.  They may do so provided that no Person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered by the Court, unless, <u>at least twenty-one (21) calendar days</u> prior to the Settlement Hearing, such Person files with the Court and serves upon counsel listed below:

      i.    a statement of such Person's objections to any matters before the Court concerning the Settlement;

      ii.    the grounds therefore or the reasons that such Person desires to appear and be heard, as well as all documents or writings such Person desires the Court to consider;

      iii.    whether that Person intends to present any witnesses; and

      iv.    proof of the Person's membership in the Settlement Class, which proof shall include the Person's purchases/acquisitions/transactions of certain publicly traded Orexigen Securities during the Class Period and any sales thereof, including the dates thereof and the number of shares and price(s) paid and received for each such purchase, acquisition, and sale.  Such filings shall be served upon the Court and the following counsel at the following addresses, respectively:

| *Clerk of Court - Southern District of California* | *Lead Counsel for Lead Plaintiff and the Settlement Class* | *Counsel for Defendants* |
|---|---|---|
| James M. Carter and Judith N. Keep United States Courthouse Clerk's Office 333 West Broadway Suite 420 San Diego, CA 92101 | Ramzi Abadou KAHN SWICK &FOTI, LLC 1000 Poydras Street Suite 3200 New Orleans, LA 70163 (504) 455-1400 | Jessica Valenzuela Santamaria COOLEY LLP 3175 Hanover Street Palo Alto, CA 94304-1130 (650) 843-5000<br><br>-and- |

15-CV-540 JLS (KSC)

| | | Jeffrey M. Reisner<br>STEPTOE & JOHNSON LLP<br>633 West Fifth Street<br>Suite 1900<br>Los Angeles, CA 90071<br>(213) 439-9400 |
| --- | --- | --- |

13.     Any Person who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and **SHALL FOREVER BE FORECLOSED** from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, unless otherwise ordered by the Court.  Any papers, in response to any such objections, in further support of the above-noted motions **SHALL BE SERVED AND FILED** no later than seven (7) days prior to the Settlement Hearing.

14.     All Settlement Class Members **SHALL BE BOUND** by all determinations and judgments in this Litigation concerning the Settlement, including but not limited to the releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have timely and validly requested exclusion from the Settlement Class.  The Persons who request exclusion from the Settlement Class will be excluded from the Settlement Class and shall have no rights under the Stipulation, shall not be entitled to submit any Proof of Claim and Release forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or Order and Final Judgment, if entered, as to Defendants in the Litigation.

15.     Any Person falling within the definition of the Settlement Class may upon request be excluded from the Settlement Class.  Any such Person **MUST SUBMIT** to the Claims Administrator a request for exclusion ("Request for Exclusion") at least twenty-one (21) calendar days prior to the date of the Settlement Hearing.  To be valid, a Request for Exclusion must state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) the Person's purchases/acquisitions/transactions of Orexigen publicly traded securities during the Class Period and any sales thereof, including the dates

thereof and the number of shares and price(s) paid and received for each such purchase, acquisition, and sale; and (iii) a clear and unambiguous statement that the Person wishes to be excluded from the Settlement Class; and (iv) must include the Person's signature. No further opportunity to request exclusion will be given in this Litigation. Requests for Exclusion may not be submitted by e-mail.

16.     Any Settlement Class Member who wishes to be eligible to participate in the Net Settlement Fund timely **MUST SUBMIT** a valid Proof of Claim and Release form to the Claims Administrator, either by mail as indicated below and in the Proof of Claim and Release form or electronically at www.orexigensecuritieslitigation.com, no later than one hundred and twenty (120) calendar days following the Notice Date. Such deadline may be extended further by Court order. If the Notice Date is extended by order of the Court, then all Proof of Claim and Release forms must be submitted by the date specified in that order. A Proof of Claim and Release form shall be deemed to have been submitted when postmarked, if mailed by first class, registered, or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim and Release form. In cases of online submission and all other cases, a Proof of Claim and Release form shall be deemed to have been submitted at the time it actually is received by the Claims Administrator. To be valid, a Proof of Claim and Release form must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Claim Form; (ii) include the release by the claimant of all Released Persons as set forth in the Stipulation; and (iii) be signed with an affirmation that the information is true and correct. As part of the Proof of Claim and Release form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and (subject to the effectuation of the Settlement reflected in the Stipulation) shall agree and enter into the release as provided in the Stipulation. All Settlement Class Members who do not submit a valid and timely Proof of Claim and Release form shall be barred forever from receiving any payments from the Net Settlement Fund, but will, in all other respects, be subject to and bound by the provisions of the Stipulation and the Order and

15-CV-540 JLS (KSC)

Final Judgment, if entered, whether favorable or unfavorable and whether or not they submit a Proof of Claim and Release form, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as provided herein.

17.   If this Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity.  Each party shall be restored *nunc pro tunc* to their respective positions in the Litigation as of December 3, 2020.  In such circumstances, each of the Settling Parties shall retain its currently existing rights to seek or to object to the certification of this litigation as a class action under Federal Rule of Civil Procedure 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this Litigation or in any other litigation on any other grounds.

18.   All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, hereby **ARE STAYED AND SUSPENDED** until further order of this Court.  Pending final determination whether the Settlement should be approved, Lead Plaintiff, Settlement Class Counsel, and all Settlement Class Members **ARE BARRED AND ENJOINED** from commencing, instituting, intervening in or participating in, or prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Released Claims against any of the Released Defendant Parties, as defined in the Stipulation.

15-CV-540 JLS (KSC)

19.     The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as the contents of those funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     Settlement Class Counsel, or an agent thereof, is **AUTHORIZED AND DIRECTED** to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.  The Court authorizes payment out of the Settlement Fund for the Notice and Administration Component in accordance with the Stipulation.

21.     This Preliminary Approval Order, the Settlement, the Stipulation, and all negotiations, statements, discussions, and proceedings in connection therewith, shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of Lead Plaintiff, any Defendant or the other Released Persons, any Settlement Class Member, or any other Person, of any liability or wrongdoing whatsoever by them, or any of them, and shall not be deemed to create any inference that there is any liability on the part of Lead Plaintiff, any Defendant or the other Released Persons, any Settlement Class Member, or any other Person.  This Preliminary Approval Order, the Settlement, the Stipulation, and all negotiations, statements, discussions, and proceedings in connection therewith shall not be used, offered, or received in evidence, or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country (except an action to enforce the Stipulation and Settlement contemplated thereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiff, any Settlement Class Member, or any other Person, has or has not suffered any damage.

15-CV-540 JLS (KSC)

22.    All motions and papers in support of the Settlement; the Plan of Allocation; the Fee and Expense Application; and/or a request for reimbursement of costs and expenses (including lost wages) by any Lead Plaintiff in connection with his representation of the Settlement Class **SHALL BE FILED AND SERVED** <u>no later than thirty-five (35) calendar days</u> before the date scheduled for the Settlement Hearing, and all reply briefs in support of said motions **SHALL BE FILED AND SERVED** <u>no later than seven (7) calendar days</u> prior to the Settlement Hearing.

23.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation.

24.    The Court **RETAINS** jurisdiction over this Litigation to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation.

**IT IS SO ORDERED.**

Dated:  April 22, 2021

Hon. Janis L. Sammartino
United States District Judge

15-CV-540 JLS (KSC)